# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. FULLARD, SR. | : |
|     Petitioner | : |
| v | :    Civil Action No. RDB-06-1509 |
| JAMES SMITH | : |
|     Respondent | : |

o0o

## MEMORANDUM OPINION

The above-captioned case, filed on June 12, 2006, has been construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks production of documents and video tapes pertaining to the guilty plea proceeding in his criminal case. Paper No. 1. He alleges that the transcript of that proceeding was illegally altered and that his guilty plea was not voluntary. *Id*.

The claim raised in the instant petition has been raised by Petitioner previously. *See Fullard v. Peguese*, Civil Action No. CCB-03-2731 (D. Md. 2003). In that case this Court denied the petition, noting, *inter alia*, that Petitioner's claim regarding discrepancies in the transcript was procedurally defaulted since it was never raised in any state court proceedings challenging the validity of Petitioner's conviction. *Id*. at Paper No. 18. This Court's decision was affirmed on appeal on July 6, 2004. *Id*. at Paper No. 23.

Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3);[1]  *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996), *cert.*

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a

*dismissed*, 518 U.S. 651 (1996).  The pending application is a successive one.  Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Petitioner's application for habeas corpus relief.  *See* § 2244(b)(3)(A);[2] *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).  Because it does not appear that Petitioner has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[3]

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

For the reasons set forth herein, this Court is without jurisdiction to review the instant

---

three-judge panel of the court of appeals."

[2]  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3]  Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

petition, and accordingly the petition shall be dismissed without prejudice.  A separate Order follows.

June 26, 2006

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE